UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RYAN KEITH WILLIAMS,

Petitioner,

v. Case No. 2:26-cv-721-KCD-KRH

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent.
_______________________________/

**ORDER**

Petitioner Ryan Keith Williams, a Florida state prisoner, initiated this action by filing a *pro se* habeas corpus petition under 28 U.S.C. § 2254. (Doc. 1, Doc. 8.) The case is before the Court on three pending motions from Williams: (1) a motion seeking an order requiring the State to transfer him to a correctional facility closer to his home (Doc. 6); (2) a motion to be provided with various court records and documents (Doc. 16); and (3) a "Notice" asking this Court order various forms of miscellaneous injunctive relief. (Doc. 19.) All three motions will be denied.

## I. Background

Williams is confined at the Hamilton Correctional Institution in Jasper, Florida. According to his petition, he pled *nolo contendere* in the Circuit Court of Charlotte County to possession of a firearm or concealed weapon by a convicted felon, in violation of Fla. Stat. § 790.23(1)(a). *See State v. Williams*,

No. 20000555F (Fla. Cir. Ct. Dec. 14, 2022). He was sentenced on December 9, 2022, to eight years' imprisonment, followed by four years' probation.

Williams's operative petition challenging that conviction is rambling and disjointed. (Doc. 8.) He seeks habeas relief based on claims alleging: (1) he was "kidnapped" on March 28, 2020; subjected to "false imprisonment"; and "illegally sentenced" (Doc. 1 at 5, Ground One); (2) he "is held hostage against his will without due process" (*id.* at 7, Ground Two); (3) ineffective conduct of counsel, prosecutorial misconduct, and "constitutional conflict" (*id.* at 8, Ground Three); and (4) that he has been denied his rights to see what he is being charged with. (*Id.* at 10, Ground Four). The Court granted Williams's application to proceed *in forma pauperis*, thereby waiving prepayment of the $5.00 filing fee in habeas corpus cases. (Doc. 9.)

## II. Discussion

### A. Motion for an Order Transferring Williams to a Different Correctional Facility

Williams filed the first motion on March 27, 2026. (Doc. 6.) In it, he requests an order requiring his "immediate transfer" to a "close-to-home facility … in [the] West Palm Beach … area." In support, he asserts that his "life, care, and well being is put at risk of endangered (sic) at … Hamilton C.I. Annex." He complains about deficient medical care at the prison, and also that he was subjected to unlawful retaliation, apparently for raising complaints about his medical care and perhaps other issues.

Williams indicates in the caption of the motion that he filed it not only in this habeas action but also two other cases with this Court: *Williams v. Prummell, et al.*, 3:26-cv-349-MMH-LLL (M.D. Fla.) (the "349 Case") and *Williams v. Prummell, et al.*, No. 2:26-cv-483-KCD-NPM (M.D. Fla.) (the "483 Case"). In actuality, those are the same case. Williams filed the 349 Case in the Jacksonville Division on February 17, 2026. (Doc. 1 in the 349 Case.) It was then transferred to the Fort Myers Division. (Doc. 3 in the 349 Case.) Upon receipt, the action was given the 483 Case number and assigned to the undersigned. Williams's parallel motion seeking an order requiring his transfer to a different correctional facility was later docketed in the case.

On April 17, 2026, the Court dismissed the 483 Case without prejudice and denied Williams's motion seeking a transfer to a different correctional facility. (Doc. 7 in the '483 Case.) The Court's order recognized that, in the 483 Case, Williams was raising civil rights claims under 42 U.S.C. § 1983, challenging the conditions of his confinement. The Court further noted Williams had sought leave to proceed *in forma pauperis*. (*See* Doc. 2 in the 483 Case.) But a special "three strikes" provision, enacted as part of the Prison Litigation Reform Act (PLRA), prevents a court from affording *in forma pauperis* status where the litigant is a prisoner and he

> has, on 3 or more prior occasions, while incarcerated ..., brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Accordingly, the undersigned ruled in the 483 Case that Williams had to pay the filing fee of $405 or show he was "under imminent danger of serious physical injury" when he filed suit. Because Williams had done neither, the Court dismissed the action without prejudice. (Docs 7 & 8 in the 483 Case.) Williams did not appeal.

Williams's motion seeking an order requiring the State of Florida to transfer him to another correctional facility fares no better in the present case seeking habeas relief. Habeas corpus actions are not subject to the PLRA, including its filing fee provisions codified in § 1915. *Anderson v. Singletary*, 111 F.3d 801, 803, 805-06 (11th Cir. 1997). However, the essential nature of habeas corpus actions is that they contest the fact or duration of a prisoner's confinement and seek an immediate or speedier release from custody. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 498–500 (1973). Claims challenging conditions of confinement, by contrast, do not impugn the validity of the prisoner's conviction, sentence, or custody itself. *Id.*; *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006). Such claims instead generally proceed under 42 U.S.C. § 1983 and are limited to a remedy of damages and/or injunctive relief to correct the unlawful conditions. *See Nelson*, 541 U.S. at 643. Moreover, claims challenging conditions of confinement cannot be brought in the same action with habeas claims because the two each have different remedies, defending parties, and filing fees, and, as noted, are treated differently under the PLRA. *See Hutcherson*, 468 F.3d at

754; *Nelson v. State of Fla.*, No. 305CV432J20TEM, 2005 WL 1189590, at *1 (M.D. Fla. May 16, 2005); *see also Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005) (recognizing differences between habeas and § 1983 claims by prisoners following the enactment of the PLRA).

Williams cannot avoid the standard $405 filing fee for civil actions or the PLRA's three-strikes rule simply by styling his action as one for habeas corpus relief or by embedding what is in substance a § 1983 claim within a habeas action. *See Ridley v. Caldwell*, No. 21-13504, 2022 WL 2800203, at *2 (11th Cir. July 18, 2022); *Edwards v. Georgia*, No. 4:18-CV-272-SCJ-JSA, 2019 WL 11441432, at *2 (N.D. Ga. Feb. 7, 2019). He appears to be trying to do just that. That is, Williams's motion effectively demands injunctive relief ordering State authorities to transfer him to another prison because of allegedly unconstitutional conditions at his current institution. Such a theory does not challenge the fact or duration of his confinement and is, in substance, a § 1983 claim. As such, it is not cognizable in a § 2254 habeas action. Williams's motion will be denied.

**B. Motion to be Provided with Documents**

Williams's second pending motion is styled "Plaintiff's Demand for Public Court Records."[1] (Doc. 16.) He asks for a copy of all documents filed in

---

[1] In the caption of his motion for documents, Wiliams again lists multiple other case numbers. Some appear to be to cases involving Williams pending in the Florida state courts, while others are from this Court. He characterizes all these cases as "Traveling Togather (sic)." All the other listed cases from this Court have been closed. The caption of Williams's motion also lists many adverse parties not in this case.

this case, as well as specified documents from three other cases with this Court: (1) *Williams v. Prummell*, No. 2:23-cv-833-JLB-KCD, Doc. 13 (M.D. Fla. Feb. 13, 2024); (2) *Williams v. Thompson*, No. 2:23-cv-945-JLB-NPM, Doc. 17 (M.D. Fla. Feb. 27, 2024); and *Williams v. Florida*, No. 2:24-cv-1109-JLB-KCD, Doc. 4 (M.D. Fla. Dec. 18, 2024).

The motion will be denied. Williams has already been provided with a copy of each document filed in cases in which he was a party. Additional copies of documents are not free, even for litigants who proceed *in forma pauperis*. Williams may request copies of documents from the clerk at $0.50 per page. No order from the Court is required, but Williams must pay for any documents before they will be sent. To facilitate any request, the Clerk will be directed to send a copy of the docket sheet in this case, 2:26-cv-721-KCD-NPM, to Williams.

**C. Motion for Miscellaneous Injunctive Relief**

Williams's third motion is captioned simply "Notice." (Doc. 19.) In it, he "requests this Court … to have the State of Florida to stop their (sic) illegal action against [him]." Williams seems to be claiming he has filed a state-court action in Florida's Third Judicial Circuit seeking an "'Injunction/Restraining Order' on Hamilton C.I. Annex & Secretary, Florida Department of Corrections administrative officials on their illegal cruel and unusual, inhumane, and degrading punishments and treatments." He states generally that he is "being treated aggressively with life threatening issues" at his institution and that he

has "been denied personal properties," specifically, a set of ear phones. He claims to suffer from mental stress and an injured shoulder, for which he says has not received medical care. He also says he is housed in a dormitory that is "falling apart" and otherwise hazardous to his health, because of asbestos, black mold, "and more." Finally, he again asks the Court to order the Florida Department of Corrections to transfer him to a correctional institution in his "proper region," near where he resided before being convicted.

The motion will be denied. As discussed above, none of the claims and grounds in this third motion contest the fact or duration of his confinement. Rather they are in substance claims challenging Williams's conditions of confinement. Accordingly, they might only be brought in a separate action under § 1983, which would be subject to the requirements of the PLRA, not in an action for habeas corpus relief under § 2254.

Accordingly, it is **ORDERED**:

1. Williams's motion for an order requiring the State to transfer him to a correctional facility closer to his home (Doc. 6) is **DENIED**.
2. Williams's motion to be provided with copies of court records and documents (Doc. 16) is **DENIED**.
3. The Clerk is **DIRECTED** to send Williams a copy of the docket sheet.
4. Williams's "Notice" (Doc. 19), construed as a motion for miscellaneous injunctive relief, is also **DENIED**.

**ENTERED** in Fort Myers, Florida on August 27, 2026.

Kyle C. Dudek
United States District Judge