UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RYAN KEITH WILLIAMS,

Petitioner,

v. Case No. 2:26-cv-721-KCD-KRH

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent.
_______________________________/

**ORDER**

Petitioner Ryan Keith Williams, a Florida state prisoner, initiated this action by filing a *pro se* petition for habeas relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) He filed an amended petition on April 16, 2026 (Doc. 8), and has been granted leave to proceed *in forma pauperis* (IFP). (Doc. 9) He has now filed another IFP motion (Doc. 24) and two other motions, seemingly identical to each other, requesting appointment of an attorney. (Docs. 25 & 27). All three motions will be denied.

First, because Williams has already been granted leave to proceed IFP, his latest IFP motion (Doc. 24) is moot.

Turning to Williams's other motions, as a petitioner in a non-death-penalty § 2254 habeas case, he has no constitutional or statutory right to appointment of counsel generally. *See United States v. Harrison*, 809 F. App'x 635, 637 (11th Cir. 2020). A court may be required to appoint counsel in such proceedings, but only in limited circumstances: (1) when appointment of

counsel is necessary for effective discovery that has been allowed for good cause, Rules Governing § 2254 Habeas Cases, Rule 6(a); and (2) when the court sets an evidentiary hearing, *id.*, Rule 8(c); *see also United States v. Johnson*, 842 F. App'x 402, 405 (11th Cir. 2021). None of those circumstances are currently present in this case.

Otherwise, the appointment of counsel in § 2254 proceedings is discretionary, governed by 18 U.S.C. § 3006A(a)(2)(B), which provides that, when a court determines "the interests of justice so require," the court "may" appoint counsel for a financially eligible petitioner. *See also* 28 U.S.C. § 2254(h). "[T]he key consideration in determining whether to appoint counsel [in such circumstances] 'is whether the pro se litigant needs help presenting the essential merits of his position to the court.'" *Nieves v. Sec'y, Dep't of Corr.*, 853 F. App'x 368, 371 n.2 (11th Cir. 2021) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court's records show that Williams is a serial filer who has previously sought to litigate numerous habeas actions and civil tort actions without counsel. *See, e.g., Williams v. Sec'y, Dep't of Corr.*, 2:24-cv-1127-SPC-NPM (M.D. Fla.); *Williams v. Twentieth Judicial Circuit District Court*, 3:26-cv-39-WWB-LLL (M.D. Fla.); *Williams v. Prummell*, 2:23-cv-00488-JES-NPM (M.D. Fla.); *Williams v. Florida*, 2:24-cv-1109-SPC-KRH (M.D. Fla.). The Court finds the interests of justice do not require the appointment of counsel in the

instant case. Accordingly, Williams's motions seeking such appointment (Docs. 25 & 27) will be denied.

Accordingly, it is **ORDERED**:

1. Williams's latest motion for leave to proceed *in forma pauperis* (Doc. 24) is **MOOT**.
2. William's two motions for appointment of counsel (Docs. 25 & 27) are **DENIED**.

**ENTERED** in Fort Myers, Florida, on October 9, 2026.

Kevin R. Huguelet
United States Magistrate Judge